IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS

FILED

JUL 3 0 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| CHRISTOPHER K. TERRELL, 1016550,<br>            Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-2593-L |
| | ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID,<br>            Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

I.    Procedural Background

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

Petitioner was convicted of aggravated assault with a deadly weapon. *State of Texas v. Christopher Terrell*, No. F-0029282-UI (Crim. Dist. Ct. No. 2, Dallas County, Tex. Aug. 25, 2000). He was sentenced to twenty years in prison and did not file a direct appeal.

On June 9, 2001, Petitioner filed a state habeas petition.  *Ex parte Terrell*, No. 50,883-01.

On December 12, 2001, the Texas Court of Criminal Appeals denied the petition without written

order.  On February 19, 2013, Petitioner filed a second state habeas petition.  *Ex parte Terrell*,

No. 50,883-02.  On April 24, 2013, the Texas Court of Criminal Appeals dismissed the petition

as an abuse of the writ.  On December 3, 2013, Petitioner filed a third state habeas petition.  *Ex

parte Terrell*, No. 50,883-04.  On February 12, 2014, the Texas Court of Criminal Appeals

dismissed the petition as an abuse of the writ.

On January 4, 2002, Petitioner filed his first § 2254 petition.  *Terrell v. Cockrell*, No.

3:02-CV-0042-D (N.D. Tex.).  On September 30, 2002, the Court denied the petition on the

merits.

On July 18, 2014, Petitioner filed the instant § 2254 petition.  He argues: (1) his sentence

was void or illegal because the trial court provided incorrect jury instructions; and (2) he was

denied the right to appeal when the trial court failed to inform him of the time for appealing and

his counsel failed to adequately represent him.

## II.    Discussion

Respondent argues the petition is second or successive, and therefore the Court lacks

jurisdiction to consider the petition.  "A petition is not second or successive merely because it

follows an earlier federal application."  *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  It is

successive when it either presents a challenge to the petitioner's conviction or sentenced that

could have been raised in an earlier petition, or when it is an "abuse of the writ."  *Id.* at 836-37.

To determine whether a petition is second or successive, the court analyzes whether the challenge

he presents in a second habeas petition occurred before petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

In this case, Petitioner filed his first § 2254 petition on August 28, 2001. At that time, he knew or should have known of the trial and appeal claims raised in this petition, and he could have raised these claims in his first petition. The petition is therefore successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT , Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

## III. Recommendation

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED

to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364,

365 (5th Cir. 1997).

    Signed this 30 day of _____July_____, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).