IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER K. TERRELL, 1016550,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2593-L** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institution Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

On July 30, 2015, Magistrate Judge Paul D. Stickney entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") recommending that this Petitioner's habeas petition under 28 U.S.C. § 2254 be construed as successive and transferred to the United States Court of Appeals for the Fifth Circuit.  See 28 U.S.C. § 2244(b)(3).  No objections to the Report were filed.

When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed.  After reviewing the pleadings, file, record in this case, Petitioner's objections, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **directs** the clerk of the court to **transfer** the habeas petition in this case to

the Fifth Circuit for determination, and **dismisses** this action for lack of subject matter jurisdiction.[*]

      **It is so ordered** this 5th day of October, 2015.


Sam A. Lindsay
United States District Judge

---

[*] An order transferring a successive application to the court of appeals is not a final order requiring a certificate of appealability.  *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015).

**Order – Page 2**